UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

VERN RAMON LOCKRIDGE,
Owner of Close2DaEdge PC Technology
Solutions,

        Plaintiff,                                    18-CV-834
                                                        DECISION AND ORDER
     v.

BUFFALO CITY COURT,

THE LEGAL AID BUREAU OF
BUFFALO, INC.,

ERIE COUNTY DISTRICT ATTORNEY'S
OFFICE,

JUDGE DIANE WRAY, and

KENNETH L. GOLDBERG,

              Defendants.

---

      The pro se plaintiff, Vern Ramon Lockridge, has filed a complaint asserting that he was denied effective assistance of counsel in a state court proceeding. Docket Item 1. He also has moved to proceed in forma pauperis (that is, as someone who should have the prepayment of the ordinary filing fee waived because he cannot afford it), Docket Item 2, and he has asked this Court to appoint counsel for him, Docket Item 3.

      Because Lockridge meets the statutory requirements to proceed in forma pauperis under 28 U.S.C. § 1915(a), his request is granted. As a result, the Court has screened the complaint under 28 U.S.C. § 1915(e). For the reasons that follow, Lockridge's claims are dismissed.

**DISCUSSION**

I.     **IN FORMA PAUPERIS**

A party seeking to bring a civil action in federal court ordinarily is required to pay a $350 filing fee, 28 U.S.C. § 1914, and an additional administrative fee of $50. *See Wagoner v. Ciocca*, 2016 WL 5720827, at *1 (W.D.N.Y. Sept. 30, 2016). But a litigant may ask to avoid the payments by moving for leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(1).

The court evaluates a litigant's financial status to determine whether he or she is eligible to proceed in forma pauperis under § 1915(a).[1] To be eligible, an applicant must complete an affidavit demonstrating that he or she meets the requirements of § 1915(a). More specifically, applicants are not required to "demonstrate absolute destitution," *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983), but must establish that they cannot afford to pay for both the necessities of life and the costs of litigation. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Because Lockridge meets the statutory requirements of 28 U.S.C. § 1915(a), Docket Item 2, he is granted permission to proceed in forma pauperis. Therefore, under 28 U.S.C. § 1915(e)(2)(B), this Court screens the complaint.

---

[1] 28 U.S.C. § 1915 addresses leave to proceed in forma pauperis. That section's requirement that "the prisoner" provide a statement of all assets that he or she possesses does not preclude non-prisoners from proceeding in forma pauperis in federal court. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275-76 (6th Cir. 1997). "Only prisoners, however, have the additional requirement of filing a prison trust account" statement under 28 U.S.C. § 1915(a)(2). *Id.* at 277.

## II. SCREENING THE COMPLAINT

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). Under § 1915, the court "shall dismiss the case at any time if the court determines that [it] . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The settled rule is that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Flores v. S. Peru Copper Corp.*, 343 F.3d 140, 148 (2d Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). But leave to amend a complaint should be denied if any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

In evaluating the complaint, the court must accept all the plaintiff's factual allegations as true and draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted)).

### A. The Complaint's Allegations

A liberal reading of the complaint here tells the following story. Lockridge suffers from a disability as a result of a traumatic brain injury. Docket Item 1 at 7. He was a

defendant in a felony hearing in Buffalo City Court.  *Id*.  Immediately before the hearing began, City Court Judge Diane Wray "ordered everyone to be dismissed from the court room."  *Id*.  She also turned off the "recording of minutes pertaining to a bribery negotiation."  *Id*.

At the hearing, Kevin L. Goldberg of the Legal Aid Bureau of Buffalo, Inc, was assigned to represent Lockridge.  *Id*.  Goldberg instructed Lockridge to waive his right to a felony hearing and allowed Judge Wray "to prosecute" him as a criminal for what was a civil offense.  *Id*.  At one point during the hearing, Goldberg approached the bench, and Judge Wray told Goldberg that if Lockridge still had his Texas driver's license, he could "possibly flee the fraudulent charges that had been brought against [him]."  *Id*.  On February 23, 2018, Lockridge surrendered his Texas driver's license but obtained a New York State driver's license from the downtown Buffalo Department of Motor Vehicles location.  *Id*.

"[T]he Buffalo City Court Judge Diane Wray, along with the assigned District Attorney, illegally prosecuted [Lockridge] through faulty criminal charges instead of civil, by the Boys & Girls Club of Buffalo, New York."  *Id*. at 8.  Goldberg "never gave [Lockridge] a copy of [his] arrest charges along with being in cahoots with the judge," which constituted a "violation of [Lockridge's] Sixth Amendment [rights]."  *Id*. at 8-9.

Lockridge's case was dismissed, but he was disrespected and dishonored in the process.  *Id*. at 9.  Goldberg was not present when the case was dismissed. so another "representing attorney spoke on [Lockridge's] behalf and the Judge dismissed the case."  *Id*.  "The handling District Attorney attempted to react to the dismissal as if he still had grounds for prosecution."  *Id*.

4

As of August 1, 2018, "the case is now being presented for grand jury review in front of a grand jury, as if this wasn't a civil matter related to the three prior cases" Lockridge filed pro se. *Id.* at 10. Lockridge seeks damages of "48,000.00= 48 days that the NYS & federal budget was defrauded for illegal prosecuting [him] as a criminal" as well as interest and costs. *Id.* at 4.

### B. Analysis

#### 1. **Claim Against the Buffalo City Court**

Lockridge raises claims against the Buffalo City Court. Docket Item 1. The Buffalo City Court is not an agent of the City of Buffalo but a part of the New York State Unified Court System. *See Brown v. Paterson*, 2011 WL 7429454, at *10 (S.D.N.Y. Dec. 27, 2011). And "[e]very court to consider the question of whether the New York State Unified Court System is an arm of the State has concluded that it is, and is therefore protected by Eleventh Amendment sovereign immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009); *see also Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988) ("Where, as here, controlling law places limits on the [local government entity's] authority over the [City Court], the [local government] cannot be said to be responsible for the conduct at issue.").

Giving the complaint as liberal a reading as possible, Lockridge may be asserting a claim against the Buffalo City Court under the Americans With Disabilities Act. See Docket Item 1 at 7 ("Judge Diane Wray ordered everyone to be dismissed from court room to commit this fraudulent act against me, who has a disability from a [traumatic brain injury]. This demonstrates violation of disability rights committed by both parties."). But Congress's effort to abrogate Eleventh Amendment sovereign immunity

5

in the Americans with Disabilities Act is invalid. *Bd. Of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001). Therefore, Lockridge's claim against the Buffalo City Court is barred by the Eleventh Amendment and is dismissed. *See Curto v. Palisades Collection, LLC*, 2008 WL 11357852, at *4 (W.D.N.Y. Mar. 10, 2008). Leave to amend the claim against the Buffalo City Court is denied as futile.

### 2. **Claim Against Judge Diane Wray**

Lockridge also brings a claim against City Court Judge Wray explicitly for actions she allegedly took while sitting on the bench. Docket Item 1.

"It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities." *Geise v. Arcara*, 2013 WL 1337325, *2 (W.D.N.Y. Mar. 29, 2013).

> Although unfairness and injustice to a litigant may result on occasion, "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."

*Mireles v. Waco*, 502 U.S. 9, 10 (1991) (per curiam) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)). "[I]mmunity is overcome in only two sets of circumstances." *Id*. at 11. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Id*. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id*. at 12.

To the extent that Lockridge alleges injuries attributable to the actions or decisions of Judge Wray, her judicial conduct would fall squarely within her judicial responsibilities and not into either exception. Lockridge's claim against Judge Wray is

6

dismissed because it fails to state a claim on which relief may be granted. Leave to amend the claim against Judge Wray is denied as futile.

### 3. **Claim against the Erie County District Attorney's Office**

Lockridge also raises claims against the Erie County District Attorney's Office for actions taken in connection with the city court matter. Docket Item 1.

Prosecutors are absolutely immune from suit in a manner that "appl[ies] with full force" for activities that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "The absolute immunity accorded to government prosecutors encompasses not only their conduct of trials but all of their activities that can fairly be characterized as closely associated with the conduct of litigation or potential litigation, including presentation of evidence to a grand jury to initiate a prosecution . . ., activities in deciding not to do so . . ., and conduct of plea bargaining negotiations." *Barrett v. United States*, 798 F.2d 565, 571-572 (2d Cir. 1986).

All of Lockridge's allegations are hard to follow, but his allegations against the Erie County District Attorney's Office are especially difficult to understand. Nevertheless, it is clear that Lockridge's claims against the District Attorney's Office are all "intimately associated with the judicial phase of the criminal process," *Imbler*, 424 U.S. at 430. *See* Docket Item 1 at 7 ("This Civil Claim is based on actual proof that . . . Erie County District Attorney's Office . . . ineffectively represented [Lockridge] at a felony hearing."); Docket Item 1 at 8 (alleging that someone "illegally prosecuted [Lockridge] as a criminal for a civil offense."); Docket Item 1 at 9 ("The handling District Attorney attempted to react to the dismissal [of Lockridge's felony complaint] as if he still

7

had grounds for prosecution."). For that reason, Lockridge's claims against the Erie County District Attorney's Office are barred by the absolute immunity afforded to prosecutors and are therefore dismissed. Leave to amend the claim against the Erie County District Attorney's Office is denied as futile.

### 4. Claims Against Kenneth L. Goldberg and the Legal Aid Bureau of Buffalo, Inc.

Lockridge also sues his attorney, Kenneth L. Goldberg, and the Legal Aid Bureau of Buffalo, Inc. Docket Item 1 at 1-2. Because he also alleges a federal question as the basis of this Court's subject matter jurisdiction, *see id.* at 3, this Court assumes that he brings the claim under 42 U.S.C. § 1983.

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cty. Of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997).

Lockridge's complaint indicates that he is suing Goldberg and the Legal Aid Bureau based on his allegations that they were his assigned counsel in a felony proceeding and provided him ineffective assistance of counsel. Docket Item 1 at 7. But it is well established that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981).

Therefore, Lockridge's claims against these defendants are dismissed. Leave to amend the claim against Goldberg and the Legal Aid Bureau is denied as futile.

C.   **Malpractice Claim**

A liberal reading of Lockridge's complaint may raise state-law tort-based claims for malpractice against his attorney, and federal courts sometimes have the power to hear such claims between citizens of different states. *See* U.S. Const. Art. III, § 2; 28 U.S.C. § 1332. But the complaint suggests that both Lockridge and Goldberg are New York residents, *see* Docket Item 1 at 1-2, and pleads that a federal question—not diversity of citizenship—is the basis for this Court's subject matter jurisdiction. *Id.* at 3. Without diversity or a valid federal claim, this Court is without jurisdiction to hear Lockridge's state-law malpractice claim. Leave to amend his complaint to address this deficiency is denied as futile.

## CONCLUSION

Lockridge has met the statutory requirements of 28 U.S.C. § 1915(a) and has filed the required affidavit. The Court therefore grants his request to proceed in forma pauperis. Generally, the court will afford a pro se plaintiff an opportunity to amend or to be heard prior to dismissal. *See Abbas*, 480 F.3d at 639. But because leave to amend the pleading would be futile for the reasons stated above, this Court dismisses Lockridge's claims under § 1915(e). *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). The Clerk of Court shall close the file.

## ORDER

In light of the above, it is hereby

ORDERED that the plaintiff's motion to proceed in forma pauperis, Docket Item 2, is GRANTED; and it is further

ORDERED that Lockridge's complaint, Docket Item 1, is dismissed; and it is further

ORDERED that Lockridge's motion to appoint counsel, Docket Item 3, is DENIED as moot.

SO ORDERED.

Dated:     April 10, 2019
           Buffalo, New York


                                        *s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE